Washburn, J.
The case of Blinn V. Rickett comes into this court on a bill of exceptions from the docket of Charles C. Lord, justice of the peace.
It appears from the bill of exceptions and the papers filed in the case, that Mr. Blinn, who is a non-resident of Lorain county, sued Mr. Rickett, who is also a non-resident of Lorain county, upon a note which was given for commercial fertilizer, and that an affidavit was filed, and attachment issued and served upon the railroad company which employed Rickett, and which ran through Lorain county. The railroad company, as garnishee, answered that it had money or funds in its possession belonging to the defendant.
Thereupon the defendant filed the following motion in the justice court:
“Now comes the defendant herein, and moves the court to discharge the attachment issued herein, fqr the reason that the affidavit upon which said attachment was issued is false, and the facts alleged therein untrue.”
*346 It appears from the evidence that was submitted to the court upon that motion, that the affidavit was untrue in all of its particulars, except that the defendant was a non-resident of Lorain county; that the claim was not for necessaries; that the defendant was not a single man, but on the contrary was the head and support of a family, wife and children, living with them and supporting them.
The justice upon the submitting of the motion, sustained the motion and discharged the attachment, and thereupon dismissed the case.
And it is claimed now, not that the justice erred in dismissing the attachment, because the evidence is overwhelming that it should have been dismissed; but it is claimed that the justice of the peace erred in dismissing the ease, for the reason that by filing said motion the defendant had entered his personal appearance in the action, and the action should thereafter have proceeded to judgment against him personally, although no property of the defendant was rightfully under the control of the court.
And that raises the question, what constitutes in Ohio an appearance to an action?
Now it is well settled by many adjudicated cases in the Supreme Court of this state, that where a person files a motion, demurrer or answer, which involves the merits of the case in any way, he thereby enters his appearance, although he specifically protests that he does not enter his appearance; that is so, I say, if the motion or other pleading goes to any other thing in the ease, except the jurisdiction of the court over his person; he enters an appearance, if the pleading filed involves the merits of the case in any way. That is, if he should file a motion objecting to the jurisdiction of the court as to the subject-matter, that would be an appearance, personal, and if it was decided that the court had jurisdiction of the subject-matter, then the party filing such motion would be in court for all purposes.
Now a motion to discharge an attachment is not a motion to the merits of the case; there are some authorities in Ohio, to *347 that effect, although at the hearing of this ease none were cited.
In the 7th Ohio Decisions, reprint, page 476, there is a decision by the district court, which was composed of Judges Avery, Burnet, Cox and Longworth. The syllabus of that case is:
“Appearing before a justice and moving for the discharge of an attachment issued on the ground of concealment, so that service can not be made, is not entering an appearance. ’ ’
It appears in that ease, however, and the record recites the fact that the motion contained a protest against entering his appearance. In the decision the court said:
“The defendant came into the court and 'moved that the attachment be discharged, and failed in his motion. In no other way did he enter an appearance. No doubt a party may appear to question whether the court has obtained jurisdiction over his property or person, and for that purpose alone, and the record recites that was the fact.”
It only differs from the case now being considered by the fact that this motion is not limited in its nature.
Then in the 11th Ohio Decisions, at page 418, the syllabus of the case reads:
“An appearance- for the purpose of a motion to dismiss the attachment, upon the ground that as no property has been attached, the court had not acquired jurisdiction of the subject-matter, does not confer jurisdiction to render any judgment whatever. ’ ’
The court in deciding the ease said:
' “Upon the hearing came the defendant by his counsel, and ‘without entering his appearance herein, and without waiving any of his rights, and for the purpose oi this motion only, moves the court to dismiss the attachment herein and to release the property claimed to have been attached and garnisheed in this proceeding, for the reason that the said goods are not subject to attachment or garnishment, as the same were in transit at the time of the purported attachment and *348 garnishment thereof, and for the further reason that the order of attachment was not made effective by attachment of the property, and the court therefore has no jurisdiction of the subject-matter.’ The magistrate overruled the motion, and found that the appearance of the defendant was entered because of the filing of said motion, and entered a personal judgment against him for $293.59, the amount of plaintiff’s claim and interest and for costs. The defendant prosecutes these proceedings in error, claiming that -the magistrate erred in overruling his motion to dissolve the attachment and in entering personal judgment against him. It is clear that the magistrate could not properly render a personal judgment against the defendant as upon his appearance in court. There is ample authority for a proceeding, such as was defendant’s, to obtain a discharge of the attachment, appearing for that purpose only.”
It will be observed in this case also that the appearance was limited in the motion.
In 2 C. C:, at page 118, is a decision, which was rendered by Judge Shauck when he was on the circuit. In that case a suit was brought, an attachment was issued, and the defendant, Saxton, without submitting himself to the jurisdiction of the court for any other purpose, moved for a discharge of the attachment for reasons stated in his motion. The court overruled his motion to discharge the attachment, and he prosecuted error to the circuit court, and, after the error proceeding was filed in the circuit court, desiring to have his property discharged, he gave a bond, and the property was discharged, and upon hearing it was claimed that by the giving of that bond, and by the motion that the judge passed upon, he entered his appearance, and the court, in deciding it, said:
‘ ‘ The plaintiff in error was not served below, nor did he formally enter his appearance, nor by any act submit himself to the jurisdiction of the' court. He has not acknowledged the validity of the attachment proceedings, nor authorized his adversary to take any step in the belief that their validity would not be contested. We, therefore, find no ground upon which he can be held to be estopped from insisting that his property was wrongfully taken. ’ ’
*349 Of course, prosecuting error, unlike appeal, never enters appearance. In other words, appealing a case is entering an appearance, prosecuting error is not.
It will be observed in this case also the appearance was limited in the motion.
Then in the 39th O. S., at page 249, the court said in the syllabus:
“The appearance of a defendant in court for the sole purpose of objecting by motion, to the jurisdiction of the court over his person, is not an appearance in the action or a waiver of any defect in the mode or-manner by which such jurisdiction is obtained. ’ ’
Now from the authorities that there are in Ohio, if the defendant had, in the ease at bar, limited his appearance in his motion, I would have no trouble whatever in arriving at a conclusion in the case.
The only uncertainty, is as to whether he should have protested in the motion that he appeared only for the purpose of having the attachment discharged. And it seems to me on that point, that this 39th Ohio State has some bearing. It appeared in that case that it was a motion before a justice of the peace, and the motion was in this language:
. “And now come the said defendants, for the purpose of this motion only, and expressly disclaiming any and all intention or purpose of making or entering an appearance upon the merits of this case, or for any other purpose save for that contained in this motion, and here moves the court to dismiss this action, discharge the garnishee herein, and dissolve the attachment issued herein, for the following causes, to-wit: That said justice of the peace has no jurisdiction of the person of said defendants, or either or any of them. That the said justice of the peace has no jurisdiction of the property of said defendants. That no service has been made upon defendants as required by law.”
That motion was overruled, and a second motion was thereupon filed in this language:
*350 “And now come the said defendants, and for the purpose of this motion only, and disclaiming all intention or purpose of entering any appearance in this cause as to the validity or invalidity of the causes of action sued upon, but appearing for the purpose of this motion, and for no other purpose, and waiving none of the rights of defendants herein, here moves said justice of the peace to discharge the attachment herein-before issued in this case, and dismiss the action, for the following reasons, to-wit: That said affidavit in attachment is insufficient in law to maintain an attachment or justify the issuing of an order of attachment, and can confer no jurisdiction upon said justice in this action, either of the person or property of said defendants.”
And that motion was overruled. Error was prosecuted to common pleas'court, where the judgment of the justice was affirmed. But the district court reversed the common pleas court, and then the ease was taken to the Supreme Court. In deciding the ease the court said:
“It is not claimed that a voluntary appearance was entered by the defendants; but the claim is, that the filing of said motion was, in law, an appearance to the merits of the cause, and, consequently, a waiver of any objections to the mode or manner by which jurisdiction over the person of defendants was acquired. The appearance of a defendant in court for the sole purpose of objecting, by motion, to the mode or manner in which it is claimed that jurisdiction over his person has been acquired, is not an appearance in the cause, or a waiver of any defect in the manner of acquiring such jurisdiction; while, on the other hand, the appearance for the purpose of contesting the merits of the cause, whether by motion or formal pleading, is a waiver of all objections to the jurisdiction of the court over the person of defendant, whether the defendant intended such waiver or not. The motions of defendants, which are relied on as an appearance in the original action, when considered in the light of the ■circumstances disclosed in the record, were objections to the jurisdiction of the court over the persons of the defendants, and nothing more.'”
Now the test seems to be, not what he said was his intention in his motion; but what in fact was his intention, gathered from the surrounding circumstances.
*351 In the case of Elliott v. Lawhead, 43 O. S., page 171, the defendant filed the following motion:
“Charlotte Elliott, the defendant above named, by her attorneys, now comes for the purpose of this motion and for no other purpose, and moves the court to strike the above named case from the docket of said court, and the petition from the files, for the want of legal and proper service, and because the' said court has no jurisdiction of the subject-matter of said action or of debt, and for the same reason that all proceedings herein by said plaintiff: against her be dismissed. ’ ’
The court in deciding the ease, on page 177, said:
“It is true the defendant ‘comes for the purpose of filing this motion and for no other purpose,’ and had the motion been confined to the want of proper service it would not have operated as an appearance. It was not so limited, but embraced an additional reason, to-wit, the right of the court to hear ancl determine the subject-matter. The rule is that where a defendant appears solely for the purpose of objecting to the jurisdiction of the court over the person, such motion is not a voluntary appearance of defendant which is equivalent- to service.
“Where, however, the motion involves the merits of the case made in the petition the rule is otherwise. ’ ’
It will be noticed in this case, that the defendant limited her appearance in her motion, but the court held that the motion constituted her appearance, notwithstanding she protested against appearance in the motion. The court looked beyond the motion, and decided that in the light of all the circumstances, the defendant did enter her appearance, notwithstanding her protest.
It has seemed to me that in the case at bar, this court ought to consider the object of the motion filed in this case, and determine what the defendant’s intention was, as to appearance, by what the record discloses, notwithstanding the fact that he did not limit his appearance in his motion.
It is clear in the present case that the only object and intention of the defendant in filing his motion was to object to the jurisdiction of the court over his person, and to prevent the *352 court obtaining jurisdiction over his person or property, and I believe that these decisions justify the court in holding that what he said or did not say in the motion, as to the extent of his appearance, would not govern; but that the court is governed by what the record discloses was his real intention as to appearance. I may be mistaken as to this, but I am satisfied this county, when it was conceded that the grounds of attachment were untrue, with the exception of non-residence, and I that the justice of the peace did the right thing in this case.
Frits Buding, for plaintiff in error.
Clayton Chapman, for defendant in error.
It was an abuse of the forms of law to bring this action in believe that I ought to affirm this judgment. An entry in this case will be made affirming the judgment of the justice, and I will give you an exception if you desire.